UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RYAN CAMARDELLE** | * | **CIVIL ACTION NO. 25-1382** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **METROPOLITAN LIFE INSURANCE COMPANY** | * | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

\* \* \* \* \* \* \* \*

**ORDER & REASONS**

Before the Court is a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Metropolitan Life Insurance Company ("Metlife"). R. Docs. 4, 12. Plaintiff Ryan Camardelle opposes the motion. R. Doc. 13. Metlife replied. R. Doc. 15. Considering the record, briefing, and applicable law, the Court now rules as follows.

**I.     BACKGROUND & PRESENT MOTION**

This is a denial-of-benefits claim brought under the Employee Retirement Income Security Act ("ERISA"). R. Doc. 2. Plaintiff pleaded that "[o]n or about September 4, 2019, [he] had an accident that caused a corneal scratch in his right eye which ultimately caused permanent blindness" in that eye. *Id.* at 3. At the time of this alleged accident, Plaintiff was employed by Entergy Louisiana, LLC ("Entergy"), and Entergy provided him with various employee welfare benefits, including the subject ERISA plan. *Id.* at 1. Plaintiff elected to obtain an Accidental Death & Dismemberment Policy and Supplemental Accidental Death & Dismemberment Policy (the "Policy") through his employer and offered by Metlife. *Id.* at 1, 3.

Plaintiff avers that the Policy "outlines a 50% payout for the loss of vision in one eye." *Id.* at 3. Over four years after his alleged accident, on November 23, 2023, Plaintiff submitted his claim for benefits under the Policy to Metlife. *Id.* at 3. In an April 2, 2024, letter, Metlife notified Plaintiff that it was denying his claim. *Id.* at 4. Plaintiff submitted an appeal letter about a month

1

later, which also requested claim- and Policy-related documents from Metlife. *Id.* From roughly May to October 2024, letters were exchanged between Plaintiff and Metlife, with Plaintiff ultimately taking the position that "Defendant failed to provide Plaintiff with a full and fair, or any, review of the decision denying Plaintiffs [sic] claim." *Id.* at 6. As a result, Plaintiff brought the instant suit against Metlife, asserting two causes of action: "Violation of 29 U.S.C. § 1132(a)(1)(B)" and "Violations of 29 U.S.C. §§ 1024 and 1132(c)(1)." *Id.* at 6–8. Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and penalties under Louisiana law pursuant to La. R.S. §§ 22:1973 and 22:1892. *Id.* at 8–9.

Defendant now brings the instant motion, primarily arguing that Plaintiff's claim for a payout under the Policy is contractually time-barred by the Policy's terms. R. Doc. 12. Specifically, Metlife contends that the September 4, 2019, incident that originally injured Plaintiff's eye is considered the accident under the Policy and that, pursuant to the Policy's terms, the resulting physical loss from the original accident must occur within 365 days of the accident to be a covered loss. R. Doc. *Id.* at 7–8. Metlife presses that the latest the "loss" of Plaintiff's right eyesight could have occurred in order for the loss to be "covered" under the Policy would be September 4, 2020. *Id.* at 8. Then, according to Metlife, Plaintiff would have had ninety days from the date of the covered loss to submit the notice of claim and proof of loss—December 3, 2020. *Id.* The Policy is further represented to require that Plaintiff could bring a legal claim no later than three years after the date the proof of loss is required. *Id.* Therefore, Metlife takes the position that the latest Plaintiff could have brought this suit—if he had a covered accident and the resulting covered loss had occurred within a year after the covered accident—would have been December 3, 2023. *Id.* Because Plaintiff filed the instant suit on July 3, 2025, this action is untimely under

the Policy. *Id.* Metlife also advanced other arguments that the Court need not address for purposes of the present motion.

Plaintiff opposes the motion. R. Doc. 13. He argues that he did not become blind in the eye originally injured in the September 4, 2019, accident until October 10, 2023, and that he filed all appropriate documents required by the Policy under ninety days after October 10, 2023. *Id.* at 3–4. Plaintiff takes the position that he could not have filed a claim in 2019 or 2020 because he did not become blind until October 2023, and thus did not fall within the Policy's definition of having suffered either death or dismemberment until that time. *Id.* at 4. He presses that Metlife delayed his claims processing in order to allow the three-year contractual period to lapse. *Id.* at 5.

Metlife filed a reply, generally reasserting the arguments in its motion and explaining in more detail its position that Mr. Camardelle's claim for benefits under the Policy is untimely. R. Doc. 15.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996),

3

courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### III.   ANALYSIS

Metlife argues *inter alia* that all of Plaintiff's claims should be dismissed as time-barred pursuant to the Policy's terms. R. Doc. 4. The Court agrees that, pursuant to the Policy's terms, the beneficiary must file a proof of loss within 90 days of the *loss*, R. Doc. 2-1 at 36, and that Plaintiff asserts in his opposition memorandum that he experienced the "covered loss" of losing sight in his right eye on October 10, 2023. R. Doc. 13. But the Policy provides other requirements for the accident and resulting loss to be covered by the Policy that Plaintiff fails to address in his briefing. Notably, Plaintiff omits any reference to the Policy's provision that the accident and the corresponding loss must occur within 365 days of each other. R. Doc. 2-1 at 19. If Plaintiff lost sight in his right eye on October 10, 2023, and the initiating accident that caused his right eye's vision loss occurred on September 4, 2019, then it appears by the Policy's terms that Plaintiff would not be able to recover any benefits based on the dates of his alleged accident and resulting vision loss.

#### A.   Whether Plaintiff's Claims are Time-Barred

The parties spent considerable time discussing whether Plaintiff's claims are time-barred because he did not submit proofs of loss and later file suit within the time periods provided for in the Policy. Under ERISA § 502(a)(1)(B), a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This section, however, does not specify a statute of limitations. Instead, parties

4

can agree by contract to a limitations period under the terms of the policy or plan applicable to the claimant. *Heimesoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105–09 (2013) (evaluating the enforceability of an ERISA plan's contractual provision that contained a three-year limitations period). Indeed, the Supreme Court has held that an ERISA plan's three-year contractual limitations period for suits brought under ERISA § 502(a)(1)(B) is reasonable and enforceable. *Id.*

Here, the Policy contains a similar three-year provision to the one reviewed by the Supreme Court. However, unlike that case, here, there are other issues with respect to Policy coverage than whether Plaintiff's claims are time-barred based on the contractually provided for *limitations* period. For Plaintiff to be able to state a cognizable claim against Metlife for a denial of benefits pursuant to his Policy, he would have needed to have experienced an accidental loss that is arguably covered by the Policy. As will be explained, pursuant to the plain language of the Policy, Plaintiff's loss of eyesight in his right eye is not covered by the Policy because the accident that ultimately led to the blindness in his right eye and the medical procedure that rendered Plaintiff blind in his right eye did not occur within 365 days of each other.

### B. Interpreting the Policy's Language

The event that prompted Plaintiff to file this suit was Metlife's denial of his claim for benefits under the Policy related to the September 4, 2019, accident wherein he scratched his right cornea. *See* R. Docs. 2, 13. Importantly, the corresponding loss that resuled from this accident occurred on October 10, 2023, when Plaintiff underwent a medical procedure that rendered him blind in his right eye. *See* R. Docs. 2, 13. In a typical case where a district court is called upon to review the validity of an administrator's decision to deny benefits, courts will review the ERISA plan administrator's denial decision *de novo* unless "the terms of the plan give the administrator 'discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'"

*Atkins v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 694 F.3d 557, 566 (5th Cir. 2012) (quoting *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989)). Thus, "if the language of the plan does grant the plan administrator discretionary authority to construe the terms of the plan or determine eligibility for benefits, a plan's eligibility determination must be upheld by a court unless it is found to be an abuse of discretion." *Id.* (citing *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008)).

Here, Plaintiff attached to his complaint copies of Metlife's April 2, 2024, denial letter, which states that the "benefits which [he is] claiming are not payable" because "the documents that [Metlife] received for review do not note that an accident occurred, or that the loss of sight in [his right] eye was the direct and sole result of an accidental injury." R. Doc. 2-3 at 2–3. Therefore, Metlife denied Plaintiff's claim because it determined that "no accidental injury occurred." *Id.* at 3. The Court will not review Metlife's denial determination under any standard of review. Instead, the Court will demonstrate that, even if it reviewed Metlife's decision and determined that an accident *did* occur, Plaintiff would still not be able to recover any benefits under the Policy, and therefore could not bring a cognizable denial of benefits claim against Metlife.

"'Federal common law governs rights and obligations stemming from ERISA-regulated plans, including the interpretation' of policy provisions at the heart of this dispute." *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 331 (5th Cir. 2014) (quoting *Provident Life & Accident Ins. Co. v. Sharpless,* 364 F.3d 634, 641 (5th Cir. 2004)). "When construing ERISA plan provisions, courts are to give the language of an insurance contract its ordinary and generally accepted meaning if such a meaning exists." *Id.* (quoting *Sharpless*, 364 F.3d at 641). Moreover, courts should "interpret the contract language in an ordinary and popular sense as would a person of average intelligence and experience, such that the language is given its generally accepted meaning if there

6

is one." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 818 (5th Cir. 1997) (internal quotation marks omitted).

The Policy's terms dictate that the "Plan pays a benefit if [the claimant] . . . sustain[s] certain physical losses from an injury caused by a covered Accident" and the resulting "death or physical loss occurs within 365 days of the Accident." R. Doc. 2-1 at 19. Metlife denied Plaintiff's claim based on the first prong, determining that no accident occurred. R. Doc. 2-3. As will be demonstrated, even if the September 4, 2019, event was considered a covered accident, Plaintiff would still not be entitled to any Policy benefits because he fails the second prong of the Policy's benefit-paying requirements.

The Policy plainly and unambiguously states that the "physical loss [must] occur[] within 365 days of the Accident" for a claimant to receive benefits under the Policy. *Id.* Though not stated in the Complaint, the record and briefing here reflect that the physical loss suffered by Plaintiff, i.e. his total loss of vision in his right eye, did not occur until October 10, 2023. *E.g.*, R. Doc. 13 at 2; 2-2. Thus, the "physical loss" that resulted from the accident occurred *over four years* after the claimed September 4, 2019, accident that initially injured his right eye. *See* R. Doc. 2-1 at 19. Again, under the plain terms of the Policy, "physical loss[es]" must "occur[] within 365 days of the Accident" in order for a claimant to be eligible for Policy benefits. *Id.* Because the covered accident and the date of loss are over four years apart, Plaintiff is not eligible to receive Policy benefits for this particular accident and resulting injury, and thus Plaintiff cannot sustain a cause of action against Metlife for the denial of benefits.

In sum, more than four years passed between the "accident that caused a corneal scratch in [Plaintiff's] right eye which ultimately caused permanent blindness" and the date on which Plaintiff actually suffered permanent blindness in his right eye. The Policy is plainly understood

7

to require that an accident and its resulting loss must occur within 365 days of each other for the insured to receive benefits under the Policy. Even if the Court reviewed Metlife's denial determination and found that a covered accident did occur, the resulting loss did not occur within the time frame provided for by the Policy, so Plaintiff would still be foreclosed from receiving Policy benefits. While it may be unfortunate that the Policy operates in this way, the Supreme Court has noted "the particular importance of enforcing plan terms as written in § 502(a)(1)(B) claims." *Heimeshoff*, 571 U.S. at 108. The Court will honor the Policy's terms as written and find that Plaintiff cannot sustain a denial of benefits claim against Metlife as it relates to the September 4, 2019, accident and the October 10, 2023, blindness.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss as amended, R. Doc. 12, is **GRANTED**. All other pending motions are hereby **DENIED AS MOOT**.

New Orleans, Louisiana, this 19th day of December, 2025.

_____
THE HONORABLE ELDON E. FALLON