UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RYAN CAMARDELLE** | * | **CIVIL ACTION NO. 25-1382** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **METROPOLITAN LIFE INSURANCE COMPANY** | * | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |
| * * * * * * * * | | |

**ORDER & REASONS**

Before the Court is a Motion to Vacate Dismissal of Plaintiff's Claims filed by Plaintiff Ryan Camardelle. R. Doc. 20. Defendant Metropolitan Life Insurance Company ("MetLife") opposes the motion. R. Doc. 22. Plaintiff did not file a reply. Considering the record, briefing, and applicable law, the Court now rules as follows.

**I.    BACKGROUND & PRESENT MOTION**

The Court previously summarized the allegations in Plaintiff's complaint in its order and reasons granting MetLife's motion to dismiss. *See* R. Doc. 18. In essence, Plaintiff brought suit against MetLife after it denied him certain benefits under an Accidental Death & Dismemberment Policy which is subject to ERISA. R. Doc. 2. His complaint detailed that he scratched his right cornea on September 4, 2019, and in opposing MetLife's motion to dismiss, he represented that he did not become legally blind in that same eye as a result of that incident until October 2023. R. Doc. 2 at 3; 13 at 3–4. Importantly, MetLife's policy required the date of accident and the date of loss to occur within 365 days of each other. Based on MetLife's arguments and the plain language of the policy, the Court granted MetLife's motion to dismiss because it found that Plaintiff could not state a cognizable claim against MetLife for multiple reasons. It reached this conclusion utilizing the facts present in the record and advanced as accurate by Plaintiff.

1

Plaintiff now contends that the Court committed a manifest error of fact when it relied on his own representations as to when (1) the initial accident that scratched his cornea happened (September 4, 2019), and (2) a physician ultimately declared that Plaintiff completely lost sight in the same eye that was injured on September 4, 2019 (October 10, 2023). R. Doc. 20-1. He now argues that his covered physical loss *did* occur within 365 days of the covered accident because he had three unsuccessful corneal transplants within 365 days of the accident. *Id.* at 2. He also cites to medical records starting about a month after the accident wherein Plaintiff's physicians discuss the condition and treatment plans for his injured eye. *Id.* at 2.

MetLife replied. R. Doc. 22. It largely argues that Plaintiff cannot now rewrite the facts he once represented as true to the Court in order to defeat MetLife's motion to dismiss. *Id.* It points out that Plaintiff submits no additional facts not available at the original motion to dismiss stage, and that Plaintiff cites no case law in support of his various arguments.

II.   **APPLICABLE LAW**

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment within twenty-eight days of its entry. The Fifth Circuit recognizes three grounds for the granting of a motion for reconsideration under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003) (cleaned up).

"A Rule 59(e) motion should not be used to relitigate prior matters that should have been

urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC*, No. 07–3779, 2008 WL 3285907, at *3 (E.D. La. Aug. 6, 2008). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Shopf v. Griggers*, No. 17-10958, 2018 WL 1453214, at *1 (E.D. La. Mar. 23, 2018); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

### III.  DISCUSSION

Plaintiff argues that the Court committed a "manifest error of fact" when it accepted as true Plaintiff's contention that he was not declared permanently blind by a medical professional until October 10, 2023. R. Doc. 20-1; *see* R. Doc. 14 at 1 ("[T]he Gunderson flap procedure was the last surgery performed, the one on 10/10/2023, and was the one that left [Plaintiff] 'completely without sight in his right eye.'"); *see id.* at 2 ("According to Dr. Reddy then, while [Plaintiff's] corneal scratch was originally treated by him on October 9th, 2019, he did not suffer a 'loss of sight' from it until 10/20/2023."). For the following reasons, the Court will decline to reconsider its dismissal of Plaintiff's suit.

First, Plaintiff has not identified an intervening change in controlling law. The Plaintiff has not directed the Court to a case wherein the Fifth Circuit or the Supreme Court recently invalidated all contractual limitations periods in ERISA-covered policies, or invalidated contractual terms governing the relationship between the date-of-accident and date-of-loss in ERISA-covered policies. Thus, the Court cannot reconsider its decision based on a change in controlling law.

Second, Plaintiff did not present any new evidence that was not previously available. Instead, Plaintiff points the Court to facts that it already considered in its original order and reasons. Thus, Plaintiff's motion for reconsideration asks the Court to rehash arguments and evidence that it previously considered—an impermissible task under a Rule 59(e) analysis. Plaintiff has, at most,

demonstrated unsatisfaction with the Court's reasoning and his unsatisfaction with the terms of MetLife's policy, terms to which he is contractually bound.

Finally, Plaintiff has not clearly identified a clear error of law that the Court should correct to prevent manifest injustice. Instead, his motion advances several arguments for post-judgment relief that demonstrates frustration with the timing of Plaintiff's accident, timing of his complete loss of sight, timing of his initial claim to MetLife, and timing of his filing this lawsuit. "Complaints about the Court's adjudication do not require reopening federal proceedings." *Marshall v. Guerrero*, No. 14-3438, 2025 WL 2963033, at *1 (S.D. Tex. Oct. 20, 2025) (slip op.).

Accordingly, the Court conclude that Plaintiff's motion for reconsideration goes beyond a mere request that the Court rehash arguments and evidence that was already considered in its assessment of MetLife's motion to dismiss. Motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon,* 891 F.2d at 1159).

### IV. CONCLUSION

For the foregoing reasons;

**IT IS HEREBY ORDERED** that Plaintiff's motion to vacate, R. Doc. 20, is **DENIED**.

New Orleans, Louisiana this 12th day of February, 2026.

                                                                       THE HONORABLE ELDON E. FALLON